## OCTOBER TERM, 1856.

## WM. FELL et als, vs. WM. C. PARKE.

A motion for a new trial may be made at any time within ten days after judgment has been entered up.

A party may, pending a first motion for a new trial, make a second motion, based upon new and distinct grounds, not known to him at the filing of the first motion.

PER CURIAM :

This is a motion for a new trial, on the ground of newly discovered evidence.

The first objection made to the motion is, that it is too late. Our Statute provides that a motion for a new trial may be made at any time within ten days after the rendition of judgment, and a *fortiori* it may be made at any time before rendition of judgment. In this case no judgment has been moved or entered, and therefore the motion is in season. (Vol. 2, Statute Laws, p. 49, Sec. 24.)

But it is said the defendant has already made one motion for a new trial, and that he cannot during the pendency of that motion make another. We think otherwise. Suppose a party moves for a new trial on exceptions taken to the ruling of the court, and immediately after, he discovers new evidence of vital importance to his case, of which he knew nothing before, will it be said he should be cut off from moving a new trial on the ground of this newly discovered evidence, because he has already one motion pending on other grounds ? The adverse parties refuse to let him in on his original motion, because, say they, he has therein stated his grounds and cannot enlarge them, and now to refuse him the privilege of a hearing on a new motion, it strikes us would be to shut the doors of justice against him without reason. In our opinion, if he makes his motion before judgment is entered, and it is based upon new and distinct grounds, not known to him at the time of his original motion he should be heard therein. Or the court, in order to prevent a multiplicity of motions in the same case, may order such new grounds to be added to those of the original motion, and have the whole matter argued and determined together.

It is further contended that however important the evidence of Gilbert might be, still it could not be used if he were here, for he would be an incompetent witness on the ground of interest. It is said that if a new trial should be granted, and the verdict should be for the defendant, Gilbert would escape his liability to Capt. Spencer, for the supplies furnished the "Walter Claxton," amounting in round numbers to $6,000; and that therefore he has an interest in defendant's success. To this it is replied, that if the defendant succeeds Gilbert thereby incurs a liability to Fell and others for $16,000, and thus his interest in favor of the defendant is more than counterbalanced. In other words, that Gilbert's interest preponderates in favor of the plaintiffs, to the amount of $10,000. We do not see how the plaintiffs can avoid the effect of this answer. Professor Greenleaf says : "Where the witness, though interested in the event of the cause, is so situated that the event is to him a matter of indifference, he is still

KK

a competent witness.    This arises where he is equally *interested on both sides* of the cause, so that his interest on one side is counterbalanced by his interest on the other."    (1 Greenleaf on Evi., Sec. 420.) The objections to the admission of Gilbert's evidence, it seems to us, have no greater, if as much validity, as the same objections would have had if made to the evidence of Bailey, the other partner.    For if the sale of the "Nile" was a *bona fide* transaction, as the plaintiffs allege, it was clearly the interest of Bailey to sustain the same, for thereby he would entitle himself to keep and use the $16,000, which he says he received, and if it was *mala fide*, as the defendant contends, it was equally for the interest of Bailey to make the court and jury believe that the sale was made in good faith, for in that event he would not only recover the value of the "Nile," but at the same time defeat Spencer's claim.

Another point raised by the plaintiffs is, that the defendant has been guilty of *laches* in not obtaining the evidence of Gilbert before, and therefore his motion should be denied.    We do not think this objection entitled to much weight, because it is clear that the defendant did not know of the evidence of Gilbert, a stranger to him, residing in a foreign country, and he had no reason to suppose that Gilbert's evidence would be any more favorable to ·his cause than that of the other member of the firm of Bailey and Gilbert.

Indeed, he was the last person to whom the defendant would think of applying for evidence in his behalf.    We do not think that neglect can fairly be imputed to the defendant for not previously taking steps to procure the testimony of Gilbert.

There are certain minor points raised by the plaintiffs to which we deem it unnecessary to advert, because they do not appear to us of sufficient weight to require particular notice.

Motion granted.